# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-2343V**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| | \* |
| SIMON LEGAULT, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* |
| | \* |
| SECRETARY OF HEALTH | \* |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Chief Special Master Corcoran

Filed:  January 14, 2026

*Courtney C. Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.

*Mark K. Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 29, 2021, Simon Legault filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleged that an influenza vaccine administered to him on November 19, 2019, caused him to experience sudden sensorineural hearing loss ("SSNHL") and tinnitus. Petition (ECF No. 1) at 1. After briefing, a decision denying entitlement was issued on January 2, 2025. *See* Decision (ECF No. 51) ("Decision"). Thereafter, Petitioner moved for review of my decision (ECF No. 54), but that motion was denied. *See* Judge Vaccine Opinion, dated June 27, 2025 (ECF No. 64). Petitioner did not proceed with further appellate action.

Petitioner previously requested an interim fees award due to a change in counsel, and that

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

motion is still pending. Petitioner has now filed a final motion, requesting therein that all fees previously requested be included in any final award. *See* Motion, dated Dec. 31, 2024 (ECF No. 50) ("Interim Fees Mot.'); Motion, dated Nov. 3, 2025 (ECF No. 68) ("Final Fees Mot."). Petitioner requested in his interim motion $64,292.30 (reflecting $56,430.00 in fees, plus $7,862.30 in costs for the work of attorneys are paralegals at Downing, Allison & Jorgenson), and adds to that total in his final motion $34,324.07 (reflecting $32,158.00, plus $2,166.07 in costs for the work of attorneys and paralegals at Siri & Glimstad, LLP). Interim Fees Mot. at 16; Final Fees Mot. at 16.

Respondent reacted to both fees requests on January 14, 2025, and November 17, 2025, respectively. *See* Response, dated Jan. 14, 2025 (ECF No. 52) ("Response I"); Response, dated Nov. 17, 2025 (ECF No. 70) ("Response II"). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. Response I at 2; Response II at 2. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees in a total amount of **$98,616.37**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at \*4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum.*

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle him to a fees and costs award. Petitioner's injury did have some features of SSNHL, despite his inability to demonstrate a medically acceptable timeframe consistent with his causation theory. In addition, although the consistent trend in the Program has been to deny entitlement in SSNHL cases, the specific theory proposed in this case (the "stress response theory") has found some limited success, meaning some chance of prevailing existed. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate. (I note, however, that counsel should take care not to continue to bring in the future comparable claims involving SSNHL, absent new medical or scientific developments in the field).

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney based on the years work was performed:

### (A) Downing, Allison & Jorgenson Fees

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Andrew Downing (Attorney)** | $385.00 | $445.00 | $445.00 | $485.00 | -- |
| **Ann Allison (Attorney)** | -- | $415.00 | $415.00 | $435.00 | -- |
| **Courtney Jorgenson (Attorney)** | $275.00 | $345.00 | $345.00 | $375.00 | -- |
| **Paralegals** | $135.00 | $155.00 | $155.00 | $175.00 | -- |

Interim Fees Mot. at 19; ECF No. 50-1 at 1–15, 46–55.

### (B) Siri & Glimstad, LLP Fees

|  | 2025 |
|---|---|
| **Courtney Jorgenson (Attorney)** | $400.00 |
| **John Beaulieu (Attorney)** | $360.00 |
| **Paralegals** | $195.00 |

Final Fees Mot. at 16; ECF No. 69-1 at 1–10.

The attorneys at Petitioner's former and current counsels' firms have been recognized to practice in forum, thus, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec.

4

Mstr. June 2, 2023). The rates requested (including requested 2025 rates for Ms. Jorgenson) are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939, at *3 (Fed. Cl. Spec. Mstr. May 9, 2024); *Novoa v. Sec'y of Health & Hum. Servs.*, No. 24-1331V, 2025 WL 2790507 (Fed. Cl. Spec. Mstr. Aug. 20, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

## III.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

### (A) Downing, Allison & Jorgenson Costs

Petitioner seeks $7,862.30 in outstanding costs, including the filing fee, medical record retrieval costs, postage costs, and costs associated with the work of expert H. Alexander Arts, M.D. ECF No. 50-1 at 16. Dr. Arts prepared two written reports and submitted invoices reflecting a total of $6,650.00 (billing at an hourly rate of $500.00 for 13.3 hours of work performed). *Id.* at 25–27, 41–43. This rate is acceptable, and I deem the work performed to have been reasonable in magnitude. I will therefore grant this category of costs in its entirety.

### (B) Siri & Glimstad, LLP Costs

Petitioner also seeks $2,166.07 in outstanding costs, including appellate filing fees,[6] mailing costs, PACER costs, and costs associated with travel and appellate material preparation. ECF No. 69-1 at 9. All are commonly incurred in the Vaccine Program, and are reasonable herein.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 14, 2026).

[6] In his Final Fees Motion, Petitioner explains that between January 27, 2025 and February 3, 2025, counsel was experiencing technical difficulties with the relevant PACER account, and thus, required assistance from the Court. Due to said technical difficulties, counsel had to send Petitioner's Motion for Review and Memorandum of Objections via FedEx, resulting in a total of $6.10.00 in additional Federal Circuit filing fees. Final Fees Mot. at 15, n.2.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motions for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$98,616.37**, reflecting (a) $64,292.30 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's *former* counsel, Andrew D. Downing's IOLTA account for prompt disbursement; and (b) $34,324.07 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record, Courtney C. Jorgenson's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDMENT** in accordance with the terms of this Decision. [7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

6